IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENNETH ROSSITER,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | **No. 13-3429** |
| v. | : | |
| | : | |
| **CHARLES H. RAMSEY,** | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

This 2nd day of December, 2015, it is hereby **ORDERED** that Defendant's Motion for Summary Judgment is **DENIED**. From the Court's review of all supporting papers and exhibits, I am persuaded that Defendant is not entitled to qualified immunity, and that there is a genuine issue of material fact that precludes a grant of summary judgment.

## I. Background[1]

Plaintiff is a Philadelphia police officer who was terminated for alleged overtime abuses following Defendant's issuance of a Commissioner Direct Action on June 18, 2012. Plaintiff challenged the termination in an arbitration proceeding and was reinstated on April 2, 2013; he then brought the instant action on June 18, 2013, alleging five different claims related to his termination. The Court dismissed all but one of those claims, leaving a claim that Plaintiff was terminated in violation of his First Amendment right to associate with the police union, the Fraternal Order of Police ("FOP"). Defendant now argues that he is entitled to qualified immunity for his actions and moves for Summary Judgment on the retaliation claim.

---

[1] A more detailed history of the case may be found in the Court's prior opinion on Defendant's Motion to Dismiss, Document No. 13.

1

## II. Qualified Immunity

Defendant argues that Plaintiff has failed to define the contours of the First Amendment right that he allegedly violated, and therefore Defendant is entitled to qualified immunity because he could not reasonably know that his actions would violate Plaintiff's rights.  Def. Mem. in Supp. of Mot. for Summary J. at 12–17.  However, this raises an issue that the Court already addressed in its prior ruling on Defendant's Motion to Dismiss.  As set forth in Judge Slomsky's earlier opinion, a plaintiff may state a claim for First Amendment retaliation by proving: (1) he engaged in a constitutionally protected activity, (2) he suffered a retaliatory action, and (3) there was a causal link between the two.  *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006) (citing *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)).  Whether a plaintiff's conduct was "constitutionally protected" is a question of law for the Court.  *Baldassare v. State of N.J.*, 250 F.3d 188, 195 (3d Cir. 2001) (citing *Waters v. Churchill,* 511 U.S. 661, 668 (1994)).  It was clearly established at the time of the events in question that association with a union was such a protected activity.  *See, e.g.*, *Smith v. Ark. State Highway Emp., Local 1315*, 441 U.S. 463, 465 (1979) ("The public employee surely can associate ... freely ..., and he is protected by the First Amendment from retaliation for doing so."); *Labov v. Lalley,* 809 F.2d 220, 222–23 (3d Cir. 1987) ("Plainly efforts of public employees to associate together for the purpose of collective bargaining involve associational interests which the first amendment protects from hostile state action.").

Defendant argues that Plaintiff was merely a passive member of a union, so he has not engaged in the sort of union-related speech or assembly sufficient to trigger the protections of the First Amendment.  Def. Mem. In Supp. Mot. Summary J. at 15–16.  Although Defendant cites examples of cases in which plaintiffs asserting retaliation claims held more of a leadership role

in their respective unions than Plaintiff did in this case, Defendant does not cite any precedential cases that *require* such a role in order to state a retaliation claim.  Def. Mem. In Supp. Mot. Summary J. at 15–16.  Defendant appears to argue that Plaintiff's association was so minimal that he cannot establish the causal connection between his association and the retaliatory action necessary to prove his claim.  I view this as a dispute about the sufficiency of the evidence, not a dispute about the legal validity of the underlying constitutional claim.  I will therefore deny qualified immunity and apply the standard of review appropriate for Summary Judgment.

## II. Summary Judgment

In order to establish the causal link between his protected activity and his termination, Plaintiff has the burden of demonstrating that the protected activity was a substantial or motivating factor in the alleged retaliatory action.  *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274 (1977); *Swineford v. Snyder County Pa.,* 15 F.3d 1258, 1270 (3d Cir.1994).  Defendant can then rebut the claim by demonstrating he "would have reached the same decision ... even in the absence of the protected conduct."  *Mt. Healthy,* 429 U.S. at 287; *see also* Swineford, 15 F.3d at 1270 (citing *Czurlanis v.* Albanese, 721 F.2d 98, 103 (3d Cir.1983)).

These are questions for the finder of fact.  *Baldassare*, 250 F.3d at 195.  Summary judgment is only appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56.  From the Court's review of all supporting papers and exhibits, I am persuaded that there is a genuine dispute regarding whether Plaintiff's protected conduct was the but-for cause of Defendant's conduct in terminating him via a Commissioner's Direct Action.

Plaintiff has provided several pieces of evidence that reflect a link between his union association and his termination, including evidence that: the FOP represented Plaintiff in several

discussions and negotiations with the Police Department surrounding the charges against Plaintiff; the FOP filed a grievance asserting that the Deputy Police Commissioner threatened to terminate Plaintiff if the FOP would not withdraw its grievance in an unrelated matter; Plaintiff was terminated only four days after that meeting via a Commissioner's Direct Action; and Ramsey's use of a Commissioner's Direct Action under the circumstances was described by Deputy Commissioner Gaittens as "very unusual." Dep. of John McGrody, Def.'s Ex. C at 30:8–22, 33:17–34:2, 49:22–50:5; Dep. of John Gaittens, Def.'s Ex. D at 28:24–30:3; June 14 Unfair Labor Charge, Def.'s Ex. O.  This evidence supports Plaintiff's contention that there was a strong nexus between his termination and his association with broader union activities and negotiations.

Commissioner Ramsey has also produced contrary evidence, including an affidavit saying he dismissed Plaintiff because of "the egregious nature of the overtime abuse claims"—not in retaliation for his association with the FOP—and that he was not even aware of the meeting in which the FOP was threatened and Plaintiff was allegedly used as a bargaining chip. Commissioner Ramsey Aff., Def. Ex. E. at ¶¶ 12, 14.

However, at summary judgment, "where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1362–63 (3d Cir. 1992).  The summary judgment "trial 'on paper' differs from a trial before a jury in one significant detail: 'at the summary judgment stage the judge's function is not … to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.' " *Id.* at 1363 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  The summary judgment standard is much like the "reasonable jury" directed verdict standard. *Id.* at 1362.  Plaintiff has produced evidence that

could reasonably raise an inference that he was singled out to be sacrificed because of the union's decision to advance a grievance, and that Defendant would not have taken the action he did in the absence of Plaintiff's association with the FOP.  Thus, at this juncture, it is appropriate for a jury to assess the credibility of the parties' respective testimony and weigh the evidence accordingly to determine the issue of causation.[2]  Summary Judgment is therefore denied.

      /s/ Gerald Austin McHugh
United States District Court Judge

---

[2] The Court must also consider the fact that the Defendant was not produced for deposition.  The Commissioner's time is undeniably valuable, but given that Plaintiff has advanced a valid claim, he is entitled to adequate inquiry.  Since a retaliation claim requires an analysis of Defendant's subjective motivation, an affidavit is an insufficient substitute for cross-examination.