IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENNETH ROSSITER,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | **No. 13-3429** |
| v. | : | |
| | : | |
| **CHARLES H. RAMSEY,** | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

This 29th day of December, 2015, upon review of Defendant's Motion for Reconsideration, and the response and reply thereto, it is hereby **ORDERED** that Defendant's Motion is **DENIED**. The Court's Order denying Defendant qualified immunity stands.

Defendant argues that the Court has defined the contours of the First Amendment right at stake with too great a degree of generality, and he could not have known that his conduct would violate clearly established law because "prior case law does not address the specific factual context of this case." Mem. Supp. Def.'s Mot. Reconsideration at 1. To overcome a qualified immunity defense, it must be clear at the time of the official's conduct that a "reasonable official" would understand his actions violate a particular constitutional right. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). However, "[t]his is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful." *Id.* While "an official may not be required to anticipate subsequent legal developments," he is "required to relate established law to analogous factual settings." *People of Three Mile Island v. Nuclear Regulatory Comm'rs*, 747 F.2d 139, 144 (3d Cir. 1984) (internal citations omitted). The qualified immunity doctrine does not permit officials "one liability-free violation of a constitutional or statutory requirement" simply because the same set of facts has

1

not yet presented itself for review. *Id.* at 145. Therefore, Defendant is not entitled to qualified immunity simply because no prior case law has addressed this specific set of facts.

In addition, Defendant mischaracterizes the court's prior ruling. Defendant describes the order as holding that "a Defendant's decision to include an employee's disciplinary action as part of a negotiation with union officials violates associational rights." Mem. Supp. Def.'s Mot. Reconsideration at 1. However, the court's previous order explains that while evidence that a Deputy Police Commissioner used Plaintiff's disciplinary action as a bargaining chip in negotiations on other union matters may not, in itself, establish a constitutional violation, it is one piece of evidence that a reasonable fact finder could consider in deciding whether the Commissioner himself knew Plaintiff was associated with the union and terminated him *because* of it. Such an action, if taken in retaliation for Plaintiff's association with a union, would be "sufficient to deter a person of ordinary firmness" from engaging with the police union and violate a clearly established constitutional right. *Thomas v. Indep. Twp.*, 463 F.3d 285, 296 (3d Cir. 2006). As the record stands, the question is not a legal one, but a factual one.

The question left for the jury, then is, whether Defendant would not have issued a Commissioner's Direct Action to terminate Plaintiff but for the Plaintiff's association with the union. This does not present the jury with the ultimate legal question of qualified immunity, as Defendant argues, but rather the factual question of causation. The evidence of a causal relationship might be weak, but I cannot conclude it is non-existent. The Court is aware of Commissioner Ramsey's well-deserved reputation as a public servant, but an affidavit does not resolve genuine issues of fact in a case such as this one, regardless of the identity of the affiant. *Blair v. Scott Specialty Gases*, 283 F.3d 595, 608 (3d Cir. 2002) ("conclusory, self-serving

affidavits are insufficient to withstand a motion for summary judgment"). Therefore, the Court's Order Denying Summary Judgment must stand.

   /s/ Gerald Austin McHugh
Gerald Austin McHugh
United States District Court Judge